USCA1 Opinion

 

 April 1, 1992 [NOT FOR PUBLICATION] ____________________ No. 91-2222 CARMEN Y. TORRES MONTERO, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Selya, Circuit Judge. _____________ ____________________ Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief for ______________________ _________________________ appellant. Daniel F. Lopez Romo, United States Attorney, Jose Vazquez _______________________ _____________ Garcia, Assistant United States Attorney, and Robert M. Peckrill, ______ ____________________ Assistant Regional Counsel, Department of Health and Human Services, on brief for appellee. ____________________ ____________________ Per Curiam. We have reviewed the parties' briefs and __________ the record on appeal. We affirm the judgment of the district court, dated October 21, 1991, essentially for the reasons stated in the decision of the administrative law judge (ALJ) dated May 31, 1988. We add the following comments. The claimant contends that the ALJ disregarded the February 24, 1988 order of the Appeals Council, remanding this case for a new decision, by failing to have a vocational expert (VE) testify at the second hearing. Further, the claimant contends that the ALJ failed to comply with the remand order by not fully evaluating the psychiatric evidence. We reject both contentions. The Appeals Council vacated the ALJ's first decision because it had concluded that the claimant did not have a severe impairment without explaining why it rejected reports showing severe functional limitations. The Appeals Council remanded for a new decision "with a clearly articulated rationale for finding any and all medical reports or opinions of record persuasive or not persuasive." Record at p. 333. The ALJ provided that in his second decision. Record at pp. 15-18. And, contrary to the claimant's intimation, the Appeals Council did not direct the ALJ to solicit further testimony from a vocational expert. Rather, the necessity of such further testimony was left to the discretion of the ALJ. Record at p. 333. We find no abuse of discretion in the -2- ALJ's decision not to require more VE testimony. We note also that claimant's counsel at the second hearing neither requested additional VE testimony, nor objected to the absence of same. Lastly, the claimant's complaints about the ALJ's alleged failure to comply with the Appeals Council's remand order are particularly unpersuasive in light of the fact that the Appeals Council denied the claimant's request for review of the new decision. Obviously, the Appeals Council, itself, found the new decision in compliance with its earlier remand order. Affirmed. _________ -3-